**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ERIK WALTER WALNY,

      Defendant–Appellant.

No. 11-2147
(D.C. No. 2:10-CR-03156-RB-1)
(D.N.M.)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Erik Walny appeals following his guilty plea to one count of possession of

marijuana with intent to distribute.  His counsel moves for leave to withdraw in a brief

filed pursuant to Anders v. California, 386 U.S. 738 (1967).  Exercising jurisdiction

under 28 U.S.C. § 1291, we dismiss the appeal and grant counsel's motion to withdraw.

---

    * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

**I**

United States Border Patrol agents stopped Walny's vehicle at a border checkpoint near Alamogordo, New Mexico. He consented to a canine sniff of his vehicle by agent Gustavo Arana and his certified drug dog "Paco." According to Arana, Paco alerted to an open window of Walny's vehicle. The dog raised its ears, sniffed intently, and refused to move from the spot, an alert Arana refers to as the "pinpoint stare." An ensuing search of the vehicle uncovered 12.58 kilograms of marijuana.

Walny disputed Arana's version of events at a suppression hearing. He testified that, from approximately forty feet away, he observed the canine sniff and the dog never exhibited any changes in behavior. The district court explicitly credited Arana's version of the facts and rejected Walny's competing story. It denied Walny's motion to suppress.

Following the district court's suppression ruling, Walny pled guilty to the sole count of the indictment. He agreed to waive the right to appeal his conviction and sentence, but reserved the right to appeal the district court's denial of his suppression motion and to pursue potential ineffective assistance claims. The district court sentenced Walny to one year of probation. Walny filed a timely notice of appeal.

**II**

An attorney may seek leave to withdraw if, after conscientiously examining a case, the attorney determines that an appeal would be wholly frivolous. Anders, 386 U.S. at 744. Under these circumstances, counsel must submit a brief highlighting any potentially appealable issues. This court notifies the defendant of counsel's filings and permits the

defendant an opportunity to submit a pro se brief. If the court determines that the appeal is in fact frivolous based on its independent review of the record, we will grant the request to withdraw and dismiss the appeal. Id. In this case, the court notified Walny that counsel filed an Anders brief and provided him an opportunity to file a pro se brief. Walny has declined to do so.

In the Anders brief, counsel notes that Walny waived his right to appeal all issues other than suppression and ineffective assistance of counsel. Based on the record before us, we agree that the appellate waiver is enforceable. See United States v. Hahn, 359 F.3d 1315, 1325-27 (10th Cir. 2004) (en banc) (per curiam) (knowing and voluntary appellate waivers are generally enforceable absent a miscarriage of justice). We further note that ineffective assistance claims are usually not considered on direct appeal, but should be pursued in habeas corpus proceedings. See Massaro v. United States, 538 U.S. 500, 504-05 (2003).

With respect to the suppression issue, we agree with counsel that any appeal would be frivolous. The district court determined that the drug dog alerted to Walny's vehicle. Such factual findings are subject to clear error review. See United States v. Parada, 577 F.3d 1275, 1281 (10th Cir. 2009). The record does not suggest the district court's conclusion was clearly erroneous. And it is well-settled that an alert from a certified drug dog is sufficient to provide probable cause. See United States v. Ludwig, 641 F.3d 1243, 1250-51 (10th Cir. 2011).

## III

Because we are not presented with any meritorious grounds for appeal, we

**GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge